## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 20-86 |
| KARRON JOHNSON | SECTION: D (1) |

### ORDER AND REASONS

Before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by the Defendant Karron Johnson ("Johnson").[1] The Government has filed a response to the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **DENIED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Johnson was convicted in this Court after he pled guilty pursuant to a plea agreement to four counts of a sixteen-count superseding indictment against four defendants.[3] Johnson pled guilty to conspiracy to distribute and possess with the intent to distribute fentanyl, cocaine hydrochloride, and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), all in violation of 21 U.S.C. § 846 ("Count 1"), possession with intent to distribute fentanyl and cocaine hydrochloride, in violation 21 U.S.C. §§ 841(a)(l) and (b)(1)(C) ("Count 7"), use of a communication facility in facilitating the commission of a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in

---

[1] R. Doc. 236.
[2] R. Doc. 240.
[3] R. Doc. 150.

violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2 ("Count 8"), and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count 9").[4]

On June 21, 2022, the Court held a sentencing hearing in this matter.[5] Prior to the sentencing hearing, counsel for Johnson filed a Motion for Downward Variance,[6] to which the Government filed an Opposition.[7] The Court addressed the Motion at the sentencing hearing.[8] In pertinent part, Johnson's counsel argued that Johnson's designation as an armed career offender under the Armed Career Criminal Act ("ACCA")[9] overstated the seriousness of his criminal history based on one of his predicate felonies of simple robbery under Louisiana law.[10] Johnson's counsel argued that because simple robbery under Louisiana law allows for a conviction upon a mere showing of intimidation, and without any force or violence, Johnson's simple robbery conviction did not constitute a crime of violence under the ACCA.[11] Counsel for Johnson further asserted that Johnson's predicate crime involved the snatching of a cell phone from a young lady only upon a showing of intimidation and without exercising any force or violence.[12] His counsel thereafter asked for a statutory minimum sentence of 180 months.[13]

---

[4] *Id.*; R. Doc. 27.
[5] R. Doc. 229.
[6] R. Doc. 226.
[7] R. Doc. 228.
[8] R. Doc. 229.
[9] 18 U.S.C. § 1924(e).
[10] R. Doc. 226-1 at p. 4.
[11] *Id.* at p. 2 n.1. Counsel for Johnson recognized that this argument was foreclosed by controlling authority but specifically "preserve[d] this objection in case of a change of law." *Id.*
[12] *Id.* at p. 5.
[13] *Id.*

After hearing from counsel during the sentencing hearing, the Court granted Johnson's Motion for Downward Variance.[14] The Court then applied United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(8) to calculate Johnson's base offense level at 24.[15] From there, the Court applied U.S.S.G. § 2D1.1(b)(1) specific offense characteristic for the possession of a dangerous weapon, thereby increasing the offense level to 26.[16] Next, the Court determined that, under U.S.S.G. §3C1.1, an adjustment for obstruction of justice was necessary, further increasing the offense level to 28.[17] Thereafter, the Court applied a four-level enhancement for Johnson's classification as an armed career criminal under U.S.S.G. §4B1.4 due to his simple robbery and possession with intent to distribute marijuana convictions.[18] This brought Johnson's offense level to 34.[19] Lastly, the Court determined that a three-level reduction was warranted pursuant to U.S.S.G. §§ 3E1.1(a) and 1.1(b), giving Johnson a total offense level of 31.[20] Accordingly, the Court calculated the advisory guideline range as being 188 to 235 months based on an offense level of 31 and a

---

[14] R. Doc. 229.

[15] *See id*.

[16] *See id*.

[17] *See id*.

[18] *See id*.

[19] *See id*. U.S. SENT'G GUIDELINES MANUAL § 4B1.4(b) (U.S. SENT'G COMM'N 2022)("The offense level for an armed career criminal is the greatest of: (1) the offense level applicable from Chapters Two and Three; or (2) the offense level from §4B1.1 (Career Offender) if applicable; or (3)(A) 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in §4B1.2(a), or a controlled substance offense, as defined in §4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a); or (B) 33, otherwise.").

[20] *See* R. Doc. 229. The Government filed a Motion Acknowledging Defendant's Acceptance of Responsibility on June 1, 2022. R. Doc. 210. The Government argued that because Johnson qualified for a two-level decrease under § 3E1.1(a) and timely entered a guilty plea, he was entitled to an additional one level reduction pursuant to § 3E1.1(b). *Id*. The Court, finding that Johnson qualified for a two-level reduction under § 3E1.1(a) and that Johnson entered a timely guilty plea, granted the Government's Motion, thereby entitling Johnson to a three-level reduction in total. R. Doc. 229.

criminal history category of VI.[21] The Court, granting Johnson's request for a downward variance, sentenced him to the statutory minimum of 180 months.[22] Judgment was entered on June 21, 2022.[23]

On May 23, 2024, Johnson filed the instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[24] Johnson raises only one ground for relief – ineffective assistance of counsel.[25] Johnson first asserts that that although he filed the instant Motion more than one year from the date in which his judgment of conviction became final, his Motion is nonetheless timely due to the November 1, 2023 amendments of U.S.S.G. § 4B1.2.[26] Specifically, he claims that Amendment 822 of the U.S.S.G. restarts the one-year period to challenge his conviction pursuant to 28 U.S.C. § 2255(f)(3) because the statute newly adopts the "categorical approach" to determine a career offender classification under U.S.S.G. §§ 4B1.1(a) and 4B1.2.[27]

---

[21] *See* R. Doc. 229; U.S. SENT'G GUIDELINES MANUAL § 4B1.1(b)(U.S. SENT'G COMM'N 2022) ("A career offender's criminal history in every case under this subsection shall be Category VI.").

[22] R. Doc. 230.

[23] *Id.*

[24] R. Doc. 236.

[25] *Id.* at p. 4.

[26] *Id.* at p. 11. Johnson does not specify which November 1, 2023 amendment he is addressing. The Court, however, construes Johnson's Motion to reference Amendment 822 of the U.S.S.G. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)("A document filed *pro se* is to be liberally construed[.]")(internal quotation marks omitted). In pertinent part, Amendment 822 added a definition of "robbery," an enumerated offense constituting a crime of violence under § 4B1.2. *See* U.S. SENT'G GUIDELINES MANUAL Supp. App. C, Amend. 822 (U.S. SENT'G COMM'N 2023). The additional definition mirrors the definition of robbery set forth in the Hobbs Act, 18 U.S.C. § 1951(b). Section 1951(b) provides that "[t]he term 'robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining."

[27] R. Doc. 236 at p. 11.

After asserting that his Motion is timely, Johnson raises his sole basis of relief – ineffective assistance of counsel.[28] Johnson asserts that the government failed to perform the divisibility of his prior conviction before the Court determined he was an armed career offender under U.S.S.G. §4B1.1(a).[29] According to Johnson, because his counsel did not inform him that the government was required to show proof of such divisibility analysis, his lawyer provided ineffective assistance of counsel.[30]

Johnson thereafter avers that the Fifth Circuit's categorical approach necessitates that simple robbery under Louisiana law cannot qualify as a predicate offense under the ACCA because Louisiana simple robbery is overbroad compared to the definition of a crime of violence under § 4B1.2.[31] Ultimately, Johnson asks the Court to remand his case for a resentencing considering the adoption of Amendment 822.[32]

The Government opposes the Motion on various grounds.[33] First, the Government asserts that Johnson's Motion is untimely pursuant to 28 U.S.C.

---

[28] R. Doc. 236 at p. 4.

[29] *Id.*

[30] *Id.* Johnson also claims that he did not appeal his conviction because he was unaware of his appellate rights.

[31] R. Doc. 236-1 at p. 4. *United States v. Payton*, No. 19-214, 2025 WL 316340, at *5 (E.D. La. Jan. 28, 2025)(Vitter, J.)("The Fifth Circuit applies a categorical approach to determine whether a prior conviction qualifies as a predicate offense for sentence enhancement purposes, looking to the elements of a prior offense rather than the facts underlying the conviction.  If the statutory definition of the prior offense criminalizes some conduct that would not constitute a qualifying offense for enhancement, then the statute is not a categorial fit.  According to the Fifth Circuit, under the categorical approach, a prior conviction cannot serve as a predicate offense under the Career Offender Guideline provision if the crime of conviction criminalizes a greater swath of conduct than the elements of the relevant Guidelines offense.")(citation modified).

[32] R. Doc. 236-1 at p. 5. Johnson specifically requests the Court "to remand his term of imprisonment for a proper re-sentence because Hobbs Act Robbery as the instant offense can not categorically match [the] 'crime of violence' definition outlined in U.S.S.G. [§] 4B1.1(a) . . . ." *Id.* The Court notes that Johnson was not sentenced under the Hobbs Act, and therefore the Hobbs Act is inapplicable.

[33] R. Doc. 240.

§ 2255(f).[34] The Government specifically maintains that Johnson's Motion is not based on a right newly recognized by the Supreme Court, was not filed after the removal of an unconstitutional or unlawful impediment, was not filed after facts supporting the claim presented could have been discovered but for due diligence, and that Johnson is not entitled to equitable tolling.[35]

Even if the Motion is not temporally barred, the Government asserts that Johnson's Motion is meritless and contends that the Fifth Circuit precedent establishes that a simple robbery conviction under Louisiana law constitutes a crime of violence under the sentencing guidelines.[36] Furthermore, the Government argues that Johnson, in his plea agreement, waived his right to contest his sentence for claims arising under 28 U.S.C. § 2255.[37] Lastly, the Government contends that Johnson could not satisfy the Supreme Court's ineffective assistance of counsel standard enumerated in *United States v. Strickland*[38] because the Court granted his counsel's motion for a downward variance that resulted in a sentence below the career offender guideline range, thereby eliminating any potential prejudice to Johnson.[39]

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence."[40]  The statute sets forth four bases on which a motion may be made: (1)

---

[34] *Id.* at p. 3.
[35] *Id.* at p. 4.
[36] *Id.* at pp. 4–5.
[37] *Id.* at pp. 5–6.
[38] 466 U.S. 668 (1984).
[39] R. Doc. 240 at pp. 6–7.
[40] 28 U.S.C. § 2255(a).

the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence "is otherwise subject to collateral attack."[41]

"'Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"[42] Importantly, "[a] defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from that error.'"[43]   "[W]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the petitioner can first demonstrate either (1) cause and prejudice, or (2) that he is 'actually innocent' of the crime for which he was convicted."[44]   A defendant can establish good cause for his procedural default "'by proving ineffective assistance of counsel in violation of the Sixth Amendment of the Constitution.'"[45]

Motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 are subject to a one-year limitations period, which runs from the latest of:

---

[41] *Id.*

[42] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

[43] *Segler*, 37 F.3d at 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

[44] *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1998) (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).

[45] *United States v. Mackey*, 299 F. Supp. 2d 636, 640 (E.D. La. 2004) (quoting *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003)).

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on this the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[46]

A judgment of conviction becomes final "upon the expiration of the 14-day period for filing the direct appeal."[47] Pursuant to § 2255, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[48]  Thus, no evidentiary hearing is required if the petitioner fails to produce any "independent indicia of the likely merit of [his] allegations."[49]  The petitioner bears the burden of establishing his claims of error by a preponderance of the evidence.[50]

## III.   ANALYSIS

For the reasons set forth in detail below, and upon review of the entire record, the Court determines that an evidentiary hearing is unnecessary. As an initial matter, "Section 2255 motions may raise only constitutional errors and other injuries

---

[46] 28 U.S.C. §2255(f).

[47] *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008); *see* Fed. R. App. P. 4(b)(1)(A).

[48] 28 U.S.C. § 2255(b).

[49] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)) (internal quotation marks omitted).

[50] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions."[51] Thus, to the extent Johnson contends that the Court misapplied §§ 4B1.1 and 4B1.2,[52] such claims are not properly before this Court and should have been filed pursuant to 18 U.S.C. § 3582(c).[53]

Johnson's ineffective assistance of counsel claim, however, invokes the Sixth Amendment and therefore is properly raised in a § 2255 motion.[54] The Court first determines whether Johnson timely filed his motion to vacate within the one-year statute of limitations period.

Section 2255(f)(1) provides that "the limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final."[55] Here, the Court

---

[51] *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1994).

[52] In his Memorandum in Support of his Motion, Johnson raises a claim for the "Misapplication of the U.S.S.G. § 4B1.2 definition of the term 'Crime of Violence' concerning prior convictions of 'Simple Robbery' in the state of Louisiana." R. Doc. 236-1 at p. 1.

[53] Nonetheless, even if Johnson properly filed his motion under 18 U.S.C. § 3582(c), such motion lacks merit. Johnson was sentenced on June 21, 2022. Amendment 822, the amendment to U.S.S.G. § 4B1.2, became effective November 1, 2023. Thus, Amendment 822 could only impact Johnson's sentence if it was deemed to be retroactive. Section 3582(c) provides that a court may reduce a sentence only if (1) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (2) "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." U.S.S.G. § 1B1.10(d), the applicable policy statement, provides the list of all retroactive amendments to the sentencing guidelines. U.S. SENT'G GUIDELINES MANUAL § 1B1.10(d) (U.S. SENT'G COMM'N 2023). Amendment 822 is nowhere listed in § 1B1.10(d). *Id.* Therefore, because Amendment 822 is not retroactive, a "district court [is] not authorized to reduce [a defendant's] sentence pursuant to this amendment." *United States v. Childs*, 709 Fed. Appx. 284, 285 (5th Cir. 2018).

[54] *Lafler v. Cooper*, 566 U.S. 156, 165 (2012)("The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding . . . Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because any amount of additional jail time has Sixth Amendment significance.")(citation modified).

[55] 28 U.S.C. § 2255(f)(1).

sentenced Johnson on June 21, 2022.[56] Pursuant to Fed. R. App. P. 4(b)(1)(A), Johnson had fourteen days from the entry of judgment, or until June 5, 2022, to file a notice of appeal.[57] Thus, under § 2255(f)(1), Johnson had until July 6, 2023 to file this instant Motion in a timely manner. Because Johnson filed this instant Motion on May 23, 2024 – beyond the one-year limitation period – the Court finds that Johnson's Motion is untimely under § 2255(f)(1).[58]

Johnson, however, invokes § 2255(f)(3) to argue that he had one year from the November 1, 2023 amendment to U.S.S.G. § 4B1.2 to bring the instant Motion.[59] Put differently, Johnson maintains that Amendment 822 to U.S.S.G. § 4B1.2 constitutes a newly recognized right by the Supreme Court, thereby restarting the one-year limitations period.[60] And because he filed suit on May 23, 2024, Johnson avers, his Motion is timely.[61] The Court disagrees.

To determine "whether the § 2255(f)(3) clock has been reset, [a Court applies] the same analysis used to determine if a case announces a new rule that may be asserted retroactively on collateral review."[62] "[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government . . . To put it differently, a case announces a new rule if the result was

---

[56] R. Doc. 230.

[57] *Id. See* Fed. R. App. P. 4(b)(1)(A)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (I) the entry of either the judgment or the order being appealed; or (II) the filing of the government's notice of appeal.").

[58] R. Doc. 236.

[59] *See id.* at p. 11.

[60] *See id.*

[61] *See id.*

[62] *United States v. London*, 937 F.3d 502, 506 (5th Cir. 2019)(internal quotation marks omitted).

not dictated by precedent existing at the time the defendant's conviction became final."[63]

Here, Amendment 822 does not fall under § 2255(f)(3). Effective November 1, 2023, Amendment 822 clarified definitions regarding the § 4B1.2 Career Offender guidelines.[64] Specifically, Amendment 822 added a definition of "robbery" that reflects the definition of "robbery" set forth in 18 U.S.C. § 1951(b)(1).[65] The amendment is not a new rule announced in a Supreme Court case. Instead, the United States Sentencing Commission promulgated Amendment 822 and delivered it to Congress, and Congress approved Amendment 822.[66] Thus, Amendment 822 is not a new rule announced in a Supreme Court case.

Furthermore, Amendment 822 has no retroactive applicability. "A court may not reduce a sentence if 'none of the amendments listed in subsection (d) of [U.S.S.G § 1B1.10] are applicable to the defendant.'"[67] Section 1B1.10(d) does not expressly list Amendment 822 as a covered amendment.[68] Thus, "Amendment 822 has not been made retroactive by the Sentencing Commission."[69]

---

[63] *Id.* (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)(emphasis removed)).

[64] United States Sentencing Commission, *Amendment 822 to the Sentencing Guidelines* (2023), https://perma.cc/8LCU-P8S9.

[65] *Id.* 18 U.S.C. § 1951(b)(1) provides that "[t]he term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining."

[66] *See* 28 U.S.C. §§ 994(o)–(p) (outlining the duties of the United States Sentencing Commission as it pertains to promulgating amendments).

[67] *United States v. Austion*, No. 2:22-cr-00010-JAD-MDC, 2024 WL 3256535, at *2 n.18 (D. Nev. June 28, 2024)(quoting U.S. SENT'G GUIDELINES MANUAL § 1B1.10(d) cmt. 1(A) (U.S. SENT'G COMM'N 2024)).

[68] U.S. SENT'G GUIDELINES MANUAL § 1B1.10(d) (U.S. SENT'G COMM'N 2024).

[69] *United States v. Day*, Criminal Action No. 18-346, 2025 WL 2249997, at *2 (E.D. Pa. Aug. 6, 2025); *see also supra* note 53.

As a final point, to the extent Johnson argues that he was unaware that the Government was to provide "proof" of its divisibility analysis of his prior convictions, the Supreme Court has established that "[t]he advisory Guidelines also do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement."[70] Thus, the Court finds Johnson's Motion under § 2255 untimely.

Even if a defendant's motion is untimely under § 2255(f), however, a defendant may still qualify for equitable tolling. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable."[71] A movant under § 2255 is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."[72] This standard requires "reasonable diligence, not maximum feasible diligence."[73] The movant bears the burden of proving that he is entitled to equitable tolling.[74] "Equitable tolling is permissible only in rare and exceptional circumstances[,]" and is

---

[70] *Beckles v. U.S.*, 580 U.S. 256, 265 (2017)("As to notice, even perfectly clear Guidelines could not provide notice to a person who seeks to regulate his conduct so as to avoid particular penalties within the statutory range. That is because even if a person behaves so as to avoid an enhanced sentence under the career-offender guideline, the sentencing court retains discretion to impose the enhanced sentence.")(internal citations omitted).

[71] *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotation marks omitted).

[72] *United States v. Jackson*, 470 Fed. Appx. 324, 329 (5th Cir. 2012)(internal quotation marks omitted).

[73] *Id.* (internal quotation marks omitted).

[74] *Day v. United States*, 216 F.3d 508, 511 (5th Cir. 2000).

not extended "to instances of excusable neglect."[75] Ultimately, "the decision to invoke equitable tolling is left to the discretion of the district court."[76]

Here, Johnson does not raise the application of equitable tolling nor does the Court find that this case provides a "rare" or "exceptional" circumstance that warrants the application of equitable tolling. Johnson is unsatisfied with his counsel's alleged failure to inform him that the Government was allegedly required to show "proof" of its divisibility analysis of his prior simple robbery conviction.[77] Even viewed in light most favorable to Johnson, "'[a]n attorney's error or neglect does not warrant equitable tolling.'"[78] "That's because an 'attorney is the prisoner's agent, and under well-settled principles of agency law, the principal bears the risk of negligent conduct on the part of his agent.'"[79] Furthermore, Johnson claims that because he was "ignorant to the federal law[,]" he did not bring his ineffective assistance of counsel claim.[80] But "mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling or other exceptions to a law's requirements."[81] The Court thus finds that Johnson is not entitled to equitable tolling.

The Court, finding that Johnson's Motion is untimely to pursuant to both §§ 2255(f)(1) and (f)(3), along with finding that Johnson is not entitled to equitable

---

[75] *Jackson*, 470 Fed. Appx. at 329 (internal quotation marks omitted).

[76] *Id.* (internal quotation marks omitted).

[77] R. Doc. 236 at p. 4.

[78] *United States v. Cardenas*, 13 F.4th 380, 383 (5th Cir. 2024)(quoting *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)).

[79] *Id.* (quoting *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012)).

[80] R. Doc. 236 at p. 5.

[81] *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000)(citing *Fisher v. Johnson*, 174 F.3d 710, 714 n.13 (5th Cir. 1999)).

tolling, need not reach the merits of his ineffective assistance of counsel claim.[82] The Court determines that such claim is time-barred. Accordingly, because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[]"[83] and Johnson has failed to produce "independent indicia of the likely merit of [his] allegations[,]"[84] the Court finds that an evidentiary hearing in this matter is not required.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [85] is **DENIED**.

New Orleans, Louisiana, January 28, 2026.


**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[82] *Tapia v. United States*, No. 3:22-cv-02221-N (BT), No. 3:16-cr-00130-N-13, 2024 WL 2888757, at *2 (N.D. Tex. Feb. 5, 2023), *adopted by district court*, No. 3:22-CV-2221-N-BT, No. 3:16-CR-130-N, 2024 WL 2724176, at *2 (N.D. Tex. May 28, 2024)("Because [defendant's] claims are clearly time barred, the Court need not reach the merits of his arguments.").
[83] 28 U.S.C. § 2255(b).
[84] *Edwards*, 442 F.3d at 264 (quoting *Cervantes*, 132 F.3d at 1110) (internal quotation marks omitted).
[85] R. Doc. 236.